UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GUILBERT TEX, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **CITIBANK, N.A.**, *et al.*, <br><br> Defendants. | Civil Action No. 21-2016 (TSC) |

## MEMORANDUM OPINION

Plaintiff Guilbert Tex, Inc. ("Guilbert") has sued Defendant Citibank, N.A. ("Citibank") along with ten unidentified individuals, asserting claims for negligence and declaratory relief related to Guilbert's efforts to recover funds from a non-party to this case that allegedly maintains an account with Citibank. Citibank has moved to dismiss the suit. *See* Mot. to Dismiss, ECF No. 34. Because Guilbert has failed to state a claim upon which relief may be granted, the court will GRANT Citibank's motion and DISMISS this action.[1]

### I.   BACKGROUND

In assessing Citibank's motion to dismiss, the court assumes the truth of the following allegations. In August 2020, Guilbert entered negotiations with an entity called "US Fed Group" to purchase N95 surgical masks. Compl. ¶ 9, ECF No. 1. US Fed Group referred Guilbert to a partner entity, Datta Holdings, from whom Guilbert agreed to purchase 10,000 masks. *Id.* ¶¶ 10-

---

[1] Citibank argues in its motion to dismiss that there is an independent ground for dismissal: The funds Guilbert seeks are no longer in the Citibank account referenced in its Complaint. *See* Memo. of Points and Authorities in Supp. of Def. Citibank's Mot. to Dismiss at 8, ECF No. 34-2. Because the court will dismiss on other grounds, it need not reach that alternative argument.

13. Guilbert made an $11,000 deposit with Datta Holdings but did not receive the masks within the promised thirty days. *Id.* ¶¶ 15-16. Guilbert contacted US Fed Group and Datta Holdings (collectively, the "Sellers") about the undelivered masks and was told that the minimum mask order quantity was actually 125,000, not 10,000, and that Guilbert would need to deposit $258,750 to secure that order. *Id.* ¶¶ 20, 23. On September 25, 2020, Guilbert agreed to do so, and the Sellers promised to deliver the masks within thirty days. *Id.* ¶¶ 21-22. Guilbert wired the $258,750 to the Sellers' Citibank account, but in early October was informed that the minimum order had again been changed, this time to 20,000,000. *Id.* ¶¶ 24-25. On October 6, Guilbert cancelled both its 10,000 and 125,000 mask orders and requested a refund. *Id.* ¶ 26. Datta Holdings returned Guilbert's $11,000 from the first order, but never returned the $258,750. *Id.* ¶¶ 28, 34.

On March 24, 2023, Guilbert sent a demand letter to Citibank, requesting that it place a permanent hold on the account allegedly containing Guilbert's $258,750 and prevent those funds from being withdrawn by the Sellers or their affiliates. *Id.* ¶ 39. The letter included an affidavit that those funds belonged to Guilbert and that Guilbert had been informed by the Federal Bureau of Investigation and the U.S. Department of Justice that the $258,750 was still in the Citibank account. *Id.* ¶ 40. On March 26, 2021, Citibank replied, refusing to place a hold on any account or otherwise transfer any funds to Guilbert. *Id.* ¶ 41.

On March 30, 2021, Guilbert filed this Complaint in the Central District of California against Citibank and ten unidentified Doe Defendants. *Id.* ¶¶ 3-6. The Complaint asserts two counts against all Defendants. Count 1 alleges negligence in Defendants' refusal to grant Guilbert's request for a hold to be placed on a Citibank account, and Count 2 seeks "Declaratory Relief" that $258,750 in the Citibank account belongs to Guilbert and that Defendants violated

California and District of Columbia law in failing to place a hold on those funds. *Id.* ¶ 53-58. Upon Citibank's motion, the Central District of California transferred the case to this district on July 22, 2021. *See* Notice of Motion and Motion to Vacate Default, ECF No. 12; Order, ECF No. 24.

This suit is not the only one involving Guilbert and the Sellers.[2] In December 2021, Guilbert filed a separate action in the Central District of California against the Sellers and their affiliates to recover the same $258,750. *See Guilbert Tex, Inc. v. United States Fed Group Consortium Syndicate et al.*, Case No. 2:20-cv-11420-SVW-AGR (C.D. Cal.). In late 2022, that court ordered the defendants in that case to pay Guilbert $258,750. *See id.* at ECF Nos. 113, 122. Separately, Guilbert was joined as a third-party defendant in a 2021 civil action by the United States under the Fraud Injunction Statute against the Sellers and related entities. *See United States v. US Fed Group, et al.*, 21-cv-008-CJW-MAR (N.D. Iowa). The third-party claims against Guilbert in that case were dismissed. *See id.* at ECF No. 110.

## II.   LEGAL STANDARD

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint; it does not require a court to assess the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint." *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017) (internal citation and quotation omitted). To survive a Rule 12(b)(6) motion, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he Court need not accept inferences drawn by plaintiff if those inferences are not

---

[2] "A court may take judicial notice of facts contained in public records of other proceedings." *Detroit Int'l Bridge Co. v. Gov't of Canada*, 133 F. Supp. 3d 70, 84 (D.D.C. 2015) (citing *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007)).

supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). "To survive a motion to dismiss, a complaint must have 'facial plausibility,' meaning it must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

### III.   ANALYSIS

Guilbert fails to adequately state a claim that Defendants acted negligently or that it is otherwise entitled to a declaratory judgment. The suit will therefore be dismissed.

### A. **Negligence**

Guilbert's first claim is that Defendants negligently refused to place a hold on funds held in the Citibank account. To establish a negligence claim "under D.C. law, a plaintiff must prove a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." *Sigmund v. Starwood Urban Retail VI, LLC*, 617 F.3d 512, 514 (D.C. Cir. 2010) (internal citation and quotation omitted). Guilbert's attempt to state a negligence claim founders at the first step; it does not plausibly allege that Defendants owed it a duty of care.

The Complaint only alleges two bases for Defendants' duty to honor Guilbert's request to place a hold on the funds: California Financial Code § 1450(a) and District of Columbia Code § 26-803. Compl. ¶¶ 49-51.[3] But Guilbert fails to allege facts that would give rise to a duty

---

[3] In its briefing, Guilbert attempts to assert two additional common-law theories of negligence. *See* Memo. in Opp'n to Def. Citibank, N.A.'s Mot. to Dismiss at 9-12, ECF No. 35. Both attempts fall short. First, Guilbert cites several California cases for the proposition that banks owe a duty to investigate or stop transactions when it is reasonably foreseeable that fraud is involved. *Id.* at 9-10. But even assuming the law of those cases applies to Citibank, all of them involved banks' duties to their own customers or parties in the relevant transaction, and Guilbert neither held the Citibank account in question nor would have been party to the Sellers

under either code provision.  The California provision permits banks to disregard a request for a hold on an account unless the request includes an affidavit that the account holder is the requester's fiduciary.  Cal. Fin. Code § 1450; *see also Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1149 (Cal. Ct. App. 2005) ("[U]nder California law, a bank owes no duty to non-depositors to investigate or disclose suspicious activities on the part of an account holder.").  Here, Guilbert does not allege that the Sellers were its fiduciary, much less that its request to Citibank included an affidavit to that effect.  *See* Compl. ¶¶ 39-40.  Likewise, the D.C. provision only requires a bank to honor a request to place a hold on a non-fiduciary's account if the requester provides either (1) a court order requiring it, or (2) a bond indemnifying the bank from any liability.  *See* D.C. Code § 26-803.  Guilbert does not allege that it presented Citibank with a court order or bond when requesting the hold at issue in this case.  Thus, no duty arose from either provision.

Because Guilbert fails to allege any legal basis for Defendants' duty to grant its request to place a hold on the Citibank account, Guilbert has failed to plausibly allege Defendants' negligence in refusing that request.  Accordingly, Count 1 will be dismissed.

**B. Declaratory relief**

Guilbert's "declaratory relief" claim fares no better.  The Declaratory Judgment Act permits a court with jurisdiction over an action to "declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  A request for declaratory

---

withdrawing funds from it.  Second, Guilbert argues that Citibank voluntarily assumed a duty to it when it previously placed a temporary hold on the account after being informed by the FBI of possible fraud.  Here, too, Guilbert fails to cite any authority that Citibank assumed a duty *to Guilbert*, which would be contrary to the general rule that banks owe no duty to "non-depositors," "noncustomers," or "strangers."  *See* Reply Memo. in Supp. of Def. Citibank's Renewed Mot. to Dismiss at 5-6, ECF No. 36 (collecting cases).

judgment "is not a separate cause of action, but rather a prayer for relief." *Glenn v. Thomas Fortune Fay*, 222 F. Supp. 3d 31, 35 (D.D.C. 2016). The court therefore considers "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Those considerations do not warrant a declaratory judgment here. Guilbert seeks declarations that (1) Citibank must "turn[] over" the $258,750, and (2) that Defendants violated the California and (3) D.C. Code provisions. Compl. ¶ 57. As for the latter two declarations, the court has already explained that Guilbert has failed to plausibly plead that Defendants violated those provisions. And the Complaint establishes no basis for the court to declare that Citibank must turn over any money; the only separate cause of action that Guilbert identifies is negligence, which has also not been plausibly alleged. Guilbert has failed to state any claim giving rise to a substantial controversy with these Defendants, much less one "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Glenn*, 222 F. Supp. 3d at 35. As a result, Count 2 will also be dismissed.

## IV. CONCLUSION

For these reasons, the court will GRANT Citibank's Motion to Dismiss, ECF No. 34, and DISMISS this action. A corresponding Order will accompany this Memorandum Opinion.

Date: March 31, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge